**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ILYA KOGAN, L.A.C.,<br><br>    Plaintiff,<br><br>  v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, and CHRISTI GRIMM, in her official capacity as Inspector General of the United States Department of Health and Human Services,<br><br>    Defendants. | Civil Action No. 21-10856 (GC) (JBD)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

  **THIS MATTER** comes before the Court upon Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56(a).  (ECF No. 30.)  Defendants ask the Court to find in their favor as to each of Plaintiff's five counts and to deny Plaintiff's appeal of the Department of Health and Human Services' order that excludes Ilya Kogan from participating in Medicare, Medicaid, and other federal health care programs for a period of fifteen (15) years following his conviction of healthcare fraud and related crimes.  (ECF No. 30-7.)  Plaintiff opposed, and Defendants replied.  (ECF Nos. 31 & 32.)  The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth herein, and other good cause shown, Defendants' motion is **GRANTED**, and Plaintiff's appeal is **DENIED**.

# I.   **BACKGROUND**

## A.  PROCEDURAL BACKGROUND

On May 6, 2021, Plaintiff Ilya Kogan, a licensed acupuncturist, filed the present action against Defendants Xavier Becerra, Secretary of the United States Department of Health and Human Services ("HHS"), and Christi Grimm, Inspector General of HHS, in their official capacities.[1]  (ECF No. 1.)  Kogan seeks judicial review of a decision by HHS to exclude him from participation in Medicare, Medicaid, and other federal health care programs for a period of 15 years due to Kogan's conviction of healthcare fraud and related crimes.  (*Id.* at 3-4.[2])

Kogan asserts five causes of action as grounds to vacate HHS's exclusion order:  Count One, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; Count Two, the Equal Protection Clause of the Fifth Amendment; Count Three, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*; Count Four, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; and Count Five, arbitrary and capricious, contrary to law, and an abuse of discretion.  (*Id.* at 7-22.)

On February 8, 2023, the Court denied Kogan's request to supplement the administrative record with either an expert report or testimony to explain the impact of the exclusion order on his ability to remain gainfully employed as an acupuncturist.  (ECF No. 26.)  The Court found that Kogan "ha[d] failed to establish that any of the exceptions to the APA's limitation on supplementing the record appl[ied]."  (*Id.* at 3-4.)

---

[1]     Where an HHS exclusion is pursuant to 42 U.S.C. § 1320a-7, the excluded person is entitled to judicial review in the United States District Court.  *See* 42 U.S.C. § 1320a-7(f)(1) (review as provided for in 42 U.S.C. § 405(g)).

[2]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

On April 4, 2023, Defendants moved for summary judgment.  (ECF No. 30.)  Kogan opposed on April 17, and Defendants replied on April 24.  (ECF Nos. 31 & 32.)

B. FACTUAL BACKGROUND[3]

On March 16, 2018, Kogan pleaded guilty to conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349 and healthcare fraud in violation of 18 U.S.C. § 1347.  (SMF & RSMF ¶¶ 2-4; ECF No. 30-1 at 38.[4])  On June 25, 2018, Kogan pleaded guilty to conspiring to commit mail fraud in violation of 18 U.S.C. § 1349.  (SMF & RSMF ¶¶ 2-4; ECF No. 30-1 at 38, 75.)  The core factual allegations are that Kogan had submitted to Medicare and Medicaid "numerous false and fraudulent claims and supporting documentation for physical therapy services, and related medical items and services, that were not provided, were provided by unlicensed, unsupervised, or otherwise unqualified persons, or were billed to reflect different or additional services than were actually provided."  (SMF & RSMF ¶ 2.)

On February 12, 2019, Kogan was sentenced by the U.S. District Court in the Southern District of New York.  (SMF & RSMF ¶ 5.)  The sentencing court ordered Kogan to pay $1,590,851.00 in restitution and to serve a 50-month term of imprisonment followed by three years of supervised release.  (SMF & RSMF ¶ 6; ECF No. 30-1 at 66-73.)  At Kogan's request, the court also recommended that the Bureau of Prisons designate Kogan as eligible for its Residential Drug Abuse Program due to his alcoholism.  (SMF & RSMF ¶ 6; ECF No. 30-4 at 87.)  In reducing Kogan's recommended sentence of imprisonment to 50 months from the 60-month term that was

---

[3]     On a motion for summary judgment, the Court "draw[s] all reasonable inferences from the underlying facts in the light most favorable to the nonmoving party."  *Jaffal v. Dir. Newark New Jersey Field Off. Immigr. & Customs Enf't*, 23 F.4th 275, 281 (3d Cir. 2022) (quoting *Bryan v. United States*, 913 F.3d 356, 361 n.10 (3d Cir. 2019)).

[4]     Defendants' Statement of Material Facts is at ECF No. 30-5 ("SMF"), and Plaintiff's Response to Defendants' Statement of Material Facts is at ECF No. 31-1 ("RSMF").  Plaintiff admitted all of the material facts in Defendants' statement, and Plaintiff did not submit a counterstatement of facts.

initially contemplated, the sentencing court stated that it did so "based upon the needs of [Kogan's] family" and the fact that Kogan had five children who would not see him.  (SMF & RSMF ¶ 5; ECF No. 30-4 at 86-87.)

Following Kogan's sentencing, HHS notified Kogan by letter, dated April 30, 2020, that as a result of his criminal convictions, Kogan is "being excluded from participation in any capacity in the Medicare, Medicaid, and **all** Federal health care programs . . . for a minimum period of 15 years" pursuant to 42 U.S.C. § 1320a-7(a).  (SMF & RSMF ¶ 7; ECF No. 30-1 at 33-34.)  The letter stated further that the "scope of th[e] exclusion is broad and will have a significant effect on [Kogan's] ability to work in the health care field."  (SMF & RSMF ¶ 7; ECF No. 30-1 at 33-34.)

Kogan appealed the exclusion order to an administrative law judge who informed Kogan that he could submit witness testimony in the form of an affidavit or sworn declaration prior to a ruling on the appeal.  (SMF & RSMF ¶ 8; ECF No. 30-2 at 13-16.)  Kogan did not submit an affidavit or declaration, and he did not ask for any subpoenas to be issued.  (SMF & RSMF ¶ 8.)  Kogan argued, however, that the 15-year exclusion is too lengthy and does not take into account his alcohol addiction as a mitigating factor.  (SMF & RSMF ¶ 9.)

On October 27, 2020, the ALJ sustained HHS's exclusion order without holding an in-person hearing despite Kogan requesting such a hearing in his briefing.  (SMF & RSMF ¶ 10; ECF No. 30-1 at 15.)  The ALJ underscored that Kogan (represented by counsel) had been informed that testimonial evidence was to be submitted as an affidavit or sworn declaration first, which Kogan had chosen not to provide.  (SMF & RSMF ¶ 10; ECF No. 30-1 at 7-8.)  As to the substance of Kogan's challenge, the ALJ found that HHS was correct, pursuant to 42 C.F.R. § 1001.102(b), that three aggravating factors supported the 15-year exclusion order: Kogan's actions caused a financial loss to a governmental agency in excess of $50,000.00; Kogan committed the criminal offenses over a period of more than one year; and Kogan was sentenced to a period of

incarceration.  (SMF & RSMF ¶ 11.)  The ALJ found no support for Kogan's argument that his alcohol abuse constituted a mitigating factor that should have been considered by HHS pursuant to 42 C.F.R. § 1001.102(c)(2).  (SMF & RSMF ¶ 11.)  The ALJ reviewed the record from the criminal proceedings and determined that the sentencing judge had not made a finding of reduced culpability due to Kogan's alleged alcohol addiction.  (SMF & RSMF ¶ 11.)

Kogan appealed the administrative law judge's decision to the Departmental Appeals Board, which upheld the decision on March 5, 2021.  (SMF & RSMF ¶ 12.)  The Board determined that Kogan had "disregarded the . . . clear instructions on the prerequisites to any in-person hearing" and that nothing in the record supported the inference that Kogan's alcoholism factored into a reduced criminal sentence.  (SMF & RSMF ¶¶ 12-13; ECF No. 30-1 at 14-23.)  Like the ALJ, the Board concluded that HHS's 15-year exclusion order was reasonable based on the three aggravating factors and lack of mitigating factors.  (SMF & RSMF ¶ 14.)

## II.  LEGAL STANDARD

### A.  RULE 56—SUMMARY JUDGMENT

"Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure."  *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011).  Pursuant to Rule 56, "[s]ummary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016) (citing Fed. R. Civ. P. 56(a)).  "A fact is material if—taken as true—it would affect the outcome of the case under governing law."  *M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "And a factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Id.*

## B. JUDICIAL REVIEW OF HHS EXCLUSION ORDER

Under 42 U.S.C. § 405(g), this Court has jurisdiction to review HHS's exclusion order and may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . . . , with or without remanding the cause for a rehearing." The findings of fact, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In other words, the Court will typically affirm the decision as long as substantial evidence supports it— that is, if the decision is based on evidence that "a reasonable mind might accept as adequate to support [the] conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). However, even if factual findings are supported by substantial evidence, a decision may be reversed if the wrong "legal standards" were applied "to the facts presented." *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983).

Similarly, under the APA,[5] a court should "hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; (E) unsupported by substantial evidence . . . ; or (F) unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing court." 5 U.S.C. § 706(2). In making such determination, a court "shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of

---

[5] There appears to be some dispute as to whether Section 405(g) provides the exclusive avenue for judicial review or if exclusion orders are also subject to review under the APA's arbitrary and capricious standard. Because the standard is not determinative in this case, the Court will assume that both apply. *See Lilia Gorovits, M.D., P.C. v. Becerra*, Civ. No. 20-1850, 2021 WL 1962903, at *3 n.6 (E.D. Pa. May 17, 2021) ("The distinction between § 405 (g) and the APA standard is not clear, however, some courts have also held that between the two standards, 'it probably makes no difference.'" (citation omitted)).

prejudicial error." *Id.*

"Agency action is not arbitrary and capricious when the agency 'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *Council Tree Invs., Inc. v. F.C.C.*, 863 F.3d 237, 240 (3d Cir. 2017) (quoting *Council Tree Commc'ns, Inc. v. F.C.C.*, 619 F.3d 235, 250 (3d Cir. 2010)); *see also Fox v. State Farm Fire & Cas. Co.*, Civ. No. 22-18131, 2021 WL 4398740, at *4 (D.N.J. Sept. 24, 2021) ("The burden of overcoming th[e] presumption [of regularity] lies with the party challenging the agency action . . . .").

## III.   DISCUSSION

### A.   COUNTS ONE (DOUBLE JEOPARDY) AND TWO (EQUAL PROTECTION)

Defendants argue that the exclusion order does not violate Kogan's constitutional rights under the Fifth Amendment for two reasons. *First*, because the order is remedial, it is not a second punishment that violates double jeopardy. (ECF No. 30-6 at 24-25.) *Second*, the order does not violate equal protection because "no court has . . . held that alcoholi[sm] constitute[s] a suspect class" nor has a court "held that participation in Medicare and Medicaid is . . . a fundamental right." (*Id.* at 26-27.)

In opposition, Kogan, through counsel, does not defend his constitutional claims; indeed, he does not mention them, and he makes no attempt to argue that the exclusion order violates either double jeopardy or equal protection. (ECF No. 31.) Based on Kogan's failure to address these two claims in opposition, the Court may deem both abandoned and grant judgment in favor of Defendants on Counts One and Two. *See, e.g., Howard v. Shiftpixy, Inc.*, Civ. No. 20-17631, 2023 WL 2387399, at *7 (D.N.J. Mar. 7, 2023) (Vazquez, J.) ("A court may deem a claim abandoned when a party moves for summary judgment and the party opposing summary judgment fails to address the argument in any way."); *DeColli v. Paragon Sys., Inc.*, Civ. No. 19-21192, 2022 WL

18027853, at *3 (D.N.J. Dec. 31, 2022) (Shipp, J.) (same); *see also Fischer v. G4S Secure Sols. USA, Inc.*, 614 F. App'x 87, 91 n.3 (3d Cir. 2015) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.  If it does not do so, and loses the motion, it cannot raise such reasons on appeal."  (quoting *Liberles v. Cook Cnty.*, 709 F.2d 1122, 1126 (7th Cir. 1983))).

Even if the two claims are not deemed abandoned, Defendants have advanced arguments that support judgment in their favor.  As to the assertion of double jeopardy, courts have ruled that exclusion orders akin to the one at issue here are remedial, and Plaintiff has proffered no authority to the contrary.  *See, e.g.*, *Manocchio v. Kusserow*, 961 F.2d 1539, 1542 (11th Cir. 1992) ("While his exclusion from the Medicare system for five years undoubtedly carries the 'sting of punishment,' the purpose his exclusion serves is still remedial."); *Harkonen v. Sebelius*, Civ. No. 13-0071, 2013 WL 5734918, at *13 (N.D. Cal. Oct. 22, 2013) ("The court finds that the Double Jeopardy Clause does not preclude application of the exclusion.").

As to the equal protection claim, where no suspect class is at issue, courts have analyzed such claims "in the context of agency action" pursuant to similar principles as applied to claims "under the APA."  *Nazareth Hosp. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 747 F.3d 172, 180 (3d Cir. 2014).  Thus, "an agency's decision must be upheld if under the Equal Protection Clause, it can show a 'rational basis' for its decision."  *Id.*  Here, because Kogan has not established that he is a member of a suspect class[6] and because the Court finds that there is a "rational basis" for HHS's exclusion order, the equal protection claim fails for largely the same reasons detailed below as to the APA claim.  *See id.* ("[T]he equal protection argument can be folded into the APA

---

[6]     *See, e.g.*, *Williams v. Las Vegas Metro. Police Dep't*, 359 F. App'x 780, 781 (9th Cir. 2009) ("[The plaintiff's] equal protection claim fails because alcoholics are not a suspect class."); *Mitchell v. Comm'r of the Soc. Sec. Admin.*, 182 F.3d 272, 274 (4th Cir. 1999) ("Alcoholics are neither a suspect nor a quasi-suspect class for purposes of equal protection analysis.").

argument, since no suspect class is involved and the only question is whether the . . . treatment of [appellees] was rational (*i.e.*, not arbitrary and capricious)." (quoting *Ursack Inc. v. Sierra Interagency Black Bear Grp.*, 639 F.3d 949, 955 (9th Cir. 2011))). Accordingly, judgment is entered in Defendants' favor on Counts One and Two.

### B.  COUNT THREE (REHABILITATION ACT)

To state a claim under the Rehabilitation Act, a plaintiff "must demonstrate that: (1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability." *Durham v. Kelley*, 82 F.4th 217, 225 (3d Cir. 2023) (citing *Haberle v. Troxell*, 885 F.3d 170, 178 (3d Cir. 2018)). A "plaintiff must also show that the program in question received federal dollars." *Id.*

The United States Court of Appeals for the Third Circuit has emphasized that, for causation, "the disability must be the sole cause of the discriminatory action." *Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 291 n.25 (3d Cir. 2019) (citation omitted). And because the Rehabilitation Act's "causation requirement requires disability to be the sole cause of discrimination, an alternative cause is fatal to a[] [Rehabilitation Act] claim." *CG v. Pennsylvania Dep't of Educ.*, 734 F.3d 229, 236 n.11 (3d Cir. 2013).

Even if Kogan's struggle with alcohol abuse is accepted as a disability, Defendants argue that he cannot state a claim under the Rehabilitation Act, because Kogan "was not excluded from participation in Medicare or Medicaid because of his alcoholism—he was excluded from participation because he was convicted of health care fraud, conspiracy to commit health care fraud, and mail fraud. Plaintiff does not actually allege that the agency discriminated against him because of his alcoholism—he effectively claims that his alcoholism should save him from the consequences of his felony convictions." (ECF No. 30-6 at 28.)

In response, Kogan argues that "there can be no question" that he "was an alcoholic" and that "the excessive term of exclusion violates the Rehabilitation Act."  (ECF No. 31 at 5-6.) Nevertheless, Kogan does not address that HHS's exclusion order was issued not solely because of his alcoholism.  To the contrary, Kogan acknowledges that he was subject to a minimum term of exclusion of five years due to his criminal convictions.  (*Id.* at 2-3.)  What Kogan asks, and what was rejected during the administrative proceedings, is that his alcoholism be considered as a mitigating factor to shorten the 15-year term of exclusion imposed by HHS.

Having carefully considered the parties' arguments as well as the record, the Court finds that Kogan cannot establish, as a matter of law, the elements necessary to maintain a Rehabilitation Act claim.  Notably, the record demonstrates that Kogan's alcoholism is not the "sole cause" of HHS's alleged discriminatory action (the issuance of a 15-year exclusion order), and there is an undisputed alternative cause (Kogan's criminal convictions and aggravating factors) that renders Kogan unqualified to participate in Medicare, Medicaid, and federal healthcare programs.  *See Scheidler v. Sec'y of Health & Hum. Servs.*, Civ. No. 04-404, 2006 WL 689107, at *4 (S.D. Ohio Feb. 2, 2006) ("[P]laintiff has failed to demonstrate two of the required elements.  First, . . . plaintiff is not otherwise qualified to participate in the Medicare, Medicaid, and federal health care programs because he was properly subject to a mandatory exclusion . . . .  Second, plaintiff cannot demonstrate that his participation in the programs was suspended solely by reason of his disability.").  Accordingly, judgment is entered in Defendants' favor on Count Three.

### C.  Counts Four (APA) and Five (Arbitrary and Capricious)

Kogan's fourth and fifth counts are rooted in his contention that HHS's 15-year exclusion order "has no rational connection with the facts in the administrative record."  (ECF No. 31 at 1.) Kogan advances two primary arguments: *first*, HHS and the ALJ failed to give due weight to his

alcoholism as a mitigating factor, and *second*, the ALJ's denial of Kogan's request for an in-person hearing was arbitrary and capricious.  (*Id.* at 1-4.)  The Court will address each argument in turn.

Under 42 U.S.C. § 1320a-7, "the minimum period of exclusion" for "[a]ny individual or entity that has been convicted" of a felony relating to healthcare fraud "shall not be less than five years," subject to certain narrow exceptions.  42 U.S.C. § 1320a-7(a)(3), (c)(3)(B).  Although such period of exclusion must be for at least five years, HHS's regulations set forth nine enumerated factors that "may be considered to be aggravating and a basis for lengthening the period of exclusion."  42 C.F.R. § 1001.102(b)(1)-(9).  And if HHS determines that aggravating factors justify an exclusion longer than five years, the regulations enumerate several mitigating factors that "may . . . be considered as a basis for reducing the period of exclusion to no less than 5 years."  42 C.F.R. § 1001.102(c).

Here, Kogan does not contest that he was convicted of healthcare fraud and subject to an exclusion of no less than five years.  He also does not contest that HHS properly found that three aggravating factors supported a lengthier sentence: "(1) The acts resulting in the conviction . . . caused, or were intended to cause, a financial loss to a government agency or program . . . of $50,000 or more" . . . ; (2) The acts that resulted in the conviction . . . were committed over a period of one year or more; . . . (5) The sentence imposed by the court included incarceration[.]"  42 C.F.R. § 1001.102(b)(1)-(2), (5).  The gravamen of Kogan's objection is that HHS did not accord any weight to mitigating factor (c)(2), which states that HHS may shorten the length of the exclusion to no less than five years if "[t]he record in the criminal proceedings, including sentencing documents, demonstrates that the court determined that the individual had a mental, emotional or physical condition before or during the commission of the offense that reduced the individual's culpability."  42 C.F.R. § 1001.102(c)(2).

11

In finding no error in HHS's decision not to consider this mitigating factor, the ALJ explained that Kogan had "not prove[n] that the judge who sentenced [him] determined that . . . alcohol abuse reduced [Kogan's] culpability." (ECF No. 30-3 at 61.) "[N]othing in the record of [Kogan's] conviction and sentencing . . . show[s] that the judge who sentenced him found that alcohol abuse reduced [Kogan's] culpability," according to the ALJ, and there "is nothing . . . that suggests" that such a finding should be inferred. (*Id.*) Absent such proof, the ALJ concluded that there was no basis to find that the 15-year exclusion imposed by HHS was unreasonable, particularly considering Kogan's "substantial" crimes and the presence of three aggravating factors. (*Id.* at 59, 62.) The Departmental Appeals Board concurred with the ALJ, finding nothing in the record that indicated that the sentencing judge "determined that [Kogan's alcoholism] mitigated his culpability." (ECF No. 30-1 at 20.) The Board emphasized that "[t]he criminal schemes to which [Kogan] pled guilty began in 2010" and "[a]ccording to Kogan's own account, he was merely a minimal social drinker until 2014" and began "drinking to intoxication only in the period after his arrest." (*Id.* at 21.)

Before this Court, Kogan points to nothing in the record indicating that the sentencing court determined that Kogan's struggle with alcohol abuse "before or during the commission of the" healthcare fraud "reduced . . . [Kogan's] culpability." 42 C.F.R. § 1001.102(c)(2). Instead, Kogan asks this Court to infer that the sentencing court's decision to refer Kogan to a Residential Drug Abuse Program "'demonstrates' an alcoholic nexus" that somehow supports applying (c)(2) as a mitigating factor. (ECF No. 31 at 2.) Having reviewed the transcript from the sentencing proceeding as well as other sentencing documents in the record, the Court does not find Kogan's argument persuasive. While it is true that the sentencing court recommended that Kogan "be eligible" for the RDAP program, this recommendation was made in response to the express request of Kogan's defense counsel *after* the sentence had been placed on the record by the judge. (ECF

No. 30-4 at 87.)  Thus, this post-sentencing recommendation does not serve as a credible basis to infer that the sentencing court believed that Kogan's alcoholism reduced his culpability for his crimes.  Further, while it is also true that the sentencing court decided to shorten the anticipated 60-month term of imprisonment to 50 months, the court made no reference to Kogan's alcohol abuse when doing so; instead, the court clarified that the leniency was due to "the needs of [Kogan's] family."  (*Id.* at 86.)  The court stated that it was "not insensitive to the needs of the family and the consequences for society because of the deprivations that will be imposed upon the family."  (*Id.*)

Based on this record, then, there is very little that supports Kogan's position that his alcohol abuse should be considered as a mitigating factor pursuant to 42 C.F.R. § 1001.102(c)(2).  The Court appreciates that HHS has imposed a lengthy exclusion that may impact Kogan's ability to return to his prior line of work following his carceral term.  However, in the absence of mitigating factors and because it is undisputed that HHS appropriately applied the three aggravating factors in 42 C.F.R. § 1001.102(b)(1)-(2), (5), the 15-year exclusion order is supported by the record.  It is also "rationally related to the government's interests in deterring fraud in the delivery of health care and health care items and services, and in protecting federal health care programs and their beneficiaries from individuals who have behaved in an untrustworthy manner."  *Harkonen*, 2013 WL 5734918, at *16; *see also Fuentes v. Becerra*, Civ. No. 20-00026, 2021 WL 4341115, at *10 (W.D. Va. Sept. 23, 2021) ("All that matters is whether there is substantial evidence to support the conclusion that a 15-year exclusion is not unreasonable.  The presence of three aggravating factors . . . combined with the absence of any mitigating factors, plainly satisfies this requirement.").

Finally, as to Kogan's claim that it was arbitrary and capricious for the ALJ not to hold an in-person hearing, the Court sees no such abuse when it was Kogan, represented by counsel, who failed to comply with the ALJ's clear instructions and order to submit proposed testimony in

written form first.  As the Departmental Appeals Board found, the lack of an in-person hearing was attributable to the fact that Kogan did not file any written testimony and did not request cross-examination of any witnesses.  (ECF No. 30-1 at 15.)  Therefore, Kogan "received full due process" and the ALJ acted within his authority.  (*Id.* at 17.)

This Court, too, finds no merit in the contention that Kogan was deprived of due process. On July 16, 2020, the ALJ issued an "Order and Schedule for Filing Briefs and Documentary Evidence."  (ECF No. 30-2 at 13.)  In the order, the ALJ explained to the parties that "[b]ecause of the nature of [such] cases, [the ALJ] very frequently decide[s] . . . the[m] based on the written materials that the parties submit as part of their prehearing exchanges."  (*Id.* at 15.)  The ALJ wrote that "[e]ither party [could] submit witness testimony if the party feels it necessary" and that "[w]itness testimony must be submitted in the form of an affidavit or a written sworn declaration." (*Id.*)  If the testimony was accepted, "the opposing party [would] have an opportunity to request to cross-examine the witness."  (*Id.*)  The ALJ also informed the parties that if they objected to his approach, they "must file a written objection within ten . . . days."  (*Id.* at 16.)

There is no record of Kogan having objected to the proposed approach within the timeframe set forth by the ALJ, and Kogan did not submit written testimony that might have served as the basis for an in-person hearing as to any disputed issues of fact or as to the credibility of proposed witnesses.  Therefore, even if an in-person hearing were generally required, on this record and under the circumstances, the Court finds that Kogan was afforded a full and fair opportunity to present his case.  His own failure to timely raise an objection to the ALJ's proposed approach or to comply with the evidentiary process does not give rise to a due process violation. *See, e.g.*, *David Stanley Consultants v. Dir., Off. of Workers' Comp. Programs*, 800 F. App'x 123, 129 (3d Cir. 2020) ("DSC's right to due process does not mean that the ALJ was obligated to delay the proceedings once DSC realized that additional evidence would help its case."); *see also*

*Pennsylvania v. Riley*, 84 F.3d 125, 130 (3d Cir. 1996) ("An administrative agency need not provide an evidentiary hearing when there are no disputed material issues of fact or when the dispute can be adequately resolved from the paper record." (citations omitted)); *Shah v. Azar*, 920 F.3d 987, 996 (5th Cir. 2019) ("[I]t is well-established that an ALJ is empowered to decide a case on a motion for summary judgment without an evidentiary hearing."). Accordingly, judgment is entered in Defendants' favor on Counts Four and Five.

## IV.   **CONCLUSION**

For the reasons set forth above, and other good cause shown, Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiff's appeal is **DENIED**. An appropriate Order follows.


Dated: November 29, 2023

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

15